UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DANIEL MCCORMICK,               )
                                )
            Plaintiff,          )
                                )
    vs.                         )    1:09-cv-847-SEB-DML
                                )
HARD ROCK CAFE,                 )
                                )
            Defendant.          )

# E N T R Y

The defendant in this employment discrimination action seeks dismissal of the complaint for failure to state a claim upon which relief can be granted. The defendant's supporting memorandum cites the correct legal standard applicable to such a motion and correctly notes that the complaint contains two sparse paragraphs which, even liberally construed, may lack facial plausibility–and hence legal sufficiency–because it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

What the defendant fails to note, however, is that the complaint makes explicit reference to the administrative charge of discrimination filed by the plaintiff and investigated by the Equal Opportunity Commission (as required by statute) with the participation of the defendant prior to the filing of the action. The charge of discrimination was docketed with the EEOC as No. 470-2008-03613 and supplies the salient information which the defendant contends is lacking in the complaint itself. To survive a motion to dismiss, the plaintiff's complaint must meet the standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of the statement required by Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is."(quotation omitted)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 129 S. Ct. at 1950. "[A]n employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973) ] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.,* 534

U.S. 506, 508 (2002) (quoting Fed.R.Civ.P. 8(a)(2)). When cojoined with the EEOC process, the complaint in this case easily meets the standard of Rule 8(a), and hence survives the legal sufficiency demands of Rule 12(b)(6) as well. The motion to dismiss is **denied.**

      **IT IS SO ORDERED.**


Date: 12/01/2009

                                                              */s/ Sarah Evans Barker*
                                                          SARAH EVANS BARKER, JUDGE
Distribution:                                       United States District Court
                                                          Southern District of Indiana

Daniel McCormick
2101 Green Rock Lane
Indianapolis, IN   46203

Hard Rock Café
6110 Old Park Lane
Orlando, FL 32835